# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNE THOMPSON, | ) |
|     Petitioner, | ) |
| | ) Civil Action No. 12-1415 |
| vs. | ) |
| | ) Judge Terrence F. McVerry/ |
| COMMONWEALTH OF PA, c/o Court | ) Magistrate Judge Maureen P. Kelly |
| Of Common Pleas, | ) |
|     Respondent. | ) |

## REPORT AND RECOMMENDATION

### II. RECOMMENDATION

It is respectfully recommended that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), ECF No. 3, be dismissed without prejudice before being served because Petitioner has failed to exhaust state court remedies. It is further respectfully recommended that a certificate of appealability be denied.

### II. REPORT

#### A. Relevant Procedural History

Lynne Thompson ("Petitioner"), a state prisoner, has filed a habeas petition pursuant to 28 U.S.C. § 2254, seeking to challenge four different convictions for writing bad checks. Her convictions were obtained in the Court of Common Pleas of Allegheny County in the following cases: (1) Commonwealth v. Thompson, No. CP-02-CR-0011580-2010; (2) Commonwealth v. Thompson, No. CP-02-CR-0015416-2010; (3) Commonwealth v. Thompson, No. CP-02-CR-0015465-2010; and (4) Commonwealth v. Thompson, No. CP-02-CR-0002158-2011.[2] Those

---

[2] The Court takes judicial notice of the foregoing criminal dockets of the Court of Common Pleas of Allegheny County which are available at

dockets reveal that Petitioner filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA petition") in all four of the cases. The dockets reveal that she filed the PCRA petition on May 30, 2012. Apparently, Attorney Charles Pass was appointed to represent her and he filed a Motion to Withdraw on June 26, 2012, along with a "no-merit" brief in support of the Motion. On October 30, 2012, the Common Pleas Court granted the Motion to Withdraw and on that same date issued a Notice of Intent to Dismiss the PCRA petition. The second to last docket entry shows that on November 6, 2012, Petitioner filed, pro-se, a Request for Docket Sheet. The last docket entry shows that on November 14, 2012, Petitioner filed a response to the PCRA Court's Notice of Intent to Dismiss.

As to the present Petition, the Clerk of Court received Petitioner's Motion for Leave to Proceed in Forma Pauperis (the "IFP Motion") on October 1, 2012. ECF No. 1. On October 18, 2012, the Court granted the IFP Motion. ECF No. 2. The Petition was filed along with a Motion for Appointment of Counsel. ECF Nos. 3 and 4. On October 31, 2012, Petitioner filed a Notice of Change of Address, indicating that she was recently transferred to the State Correctional Institution at Cambridge Springs. ECF No. 6.

### B. Applicable Legal Principles - Exhaustion Requirement

#### 1. Rule 4 pre-service dismissals

Rule 4 of the Rules governing Section 2254 cases ("Rule 4") and hence, the instant Petition, provides in relevant part that:

> The clerk must promptly forward the [Section 2254 habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner

---

http://ujsportal.pacourts.us/docketsheets/
(Site last visited 11/19/2012).

is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may, under Rule 4, take judicial notice of those state court records, dockets and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, 4:01–CV–0930, 2002 WL 63079, at *1 n.4 (N.D.Tex. Jan. 8, 2002)(in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."); Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court stated that from "the face of the petition, and from [state] court records of which this Court can take judicial notice, the court determines that this is a successive petition. . . ."). Accordingly, in deciding this Petition, this Court takes judicial notice of the dockets in Petitioner's four criminal cases in the Court of Common Pleas of Allegheny County.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Petition will be dismissed pre-service because Petitioner failed to exhaust her state court remedies given that she has a currently pending PCRA petition in the criminal cases, attacking the very same convictions which she seeks to attack via the present Petition. Williams v. Wynder, 232 F. App'x 177 (3d

Cir. 2007) (affirming District Court's order, dismissing the Section 2254 habeas petition prior to service for failure to exhaust).

### 2. Exhaustion of state court remedies is required.

Congress has provided in 28 U.S.C. § 2254 that

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State;
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Hence, this Court must analyze the question of whether Petitioner has exhausted her state remedies.

Although the precise nature of the exhaustion doctrine is subject to some judicial disagreement, especially in matters which relate to the procedural default doctrine,[3] the United States Supreme Court has explained that "Section 2254(b) requires habeas applicants to exhaust those remedies 'available in the courts of the State.' This requirement, however, refers only to remedies **still available at the time of the federal petition**." Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982) (emphasis added). Accordingly, in performing an exhaustion analysis, the question which the Court must resolve is this: at the time she filed this habeas Petition, did Petitioner have available to her any state procedure through which he could be afforded relief. 28 U.S.C. § 2254(c). See also Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987) (Section 2254's "exhaustion requirement is not met 'if he has the right under the law of the state to raise, by any available

---

[3] See, e.g., Lines v. Larkins, 208 F.3d 153, 160 n.9 (3d Cir. 2000); Bailey v. Nagle, 172 F.3d. 1299 (11th Cir. 1999).

procedure, the question presented.' 28 U.S.C. S 2254(c). When determining whether state remedies are available, we look to the time of the filing of the federal habeas petition")(some internal quotations omitted).

The animating principle of exhaustion is based upon considerations of comity. See, e.g., Fay v. Noia, 372 U.S. 391, 418 (1963) ("comity demands that the state courts, under whose process he is held, and which are, equally with the federal courts, charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the first instance...."), overruled on other grounds by, Coleman v. Thompson, 501 U.S. 722 (1991). Generally, federal court intervention would be premature whenever a state procedure still affords a petitioner with an opportunity to obtain relief from the conviction which he or she seeks to attack in a federal habeas proceeding. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1998) ("The exhaustion requirement does not foreclose federal relief, but merely postpones it."). Thus, the federal habeas doctrine of exhaustion is centered on the timing of the federal petition, i.e., was the federal habeas petition filed before the state prisoner has finished utilizing the state court procedures available to him or her. Richardson v. Miller, 716 F.Supp. 1246, 1266 (W.D. Mo. 1989) ("*Fay v. Noia* then explained that the doctrine of exhaustion has always been based solely on principles of comity and, as such, did no more than establish a 'rule of timing' under which, as a matter of comity, the State courts would be afforded the first opportunity to consider a state prisoner's federal claims before a federal court should exercise the habeas corpus power and jurisdiction conferred on it by 28 U.S.C. § 2254(a).") (citations omitted). Moreover, it is the Petitioner's burden to prove that she has met the exhaustion requirement. DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

If a state prisoner seeking federal habeas relief has not exhausted her state court remedies and there is no apparent problem concerning AEDPA's statute of limitations and a petitioner fails to show "good cause" as to why she did not exhaust,[4] the federal court may dismiss the petition without prejudice in order to allow a habeas petitioner to finish seeking relief in state court. See, e.g., Rhines v. Weber, 544 U.S. 269 (2005) (habeas petitioner must establish "good cause"); Rose v. Lundy, 455 U.S. 509 (1982), *modified by*, Rhines v. Weber, 544 U.S. 269 (2005); Ledford v. Ward, No. CIV-05-523-R, 2005 WL 1606443 (W.D. Okla. June 14, 2005). However, exhaustion is not a jurisdictional limitation, and federal courts may entertain a habeas petition from a state prisoner when no appropriate state remedy exists. Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001).

**C. Discussion**

Petitioner previously filed a PCRA petition at the trial court level in the Court of Common Pleas of Allegheny County on May 30, 2012. When Petitioner initiated this action, her PCRA petition was still pending. This Court takes judicial notice of the dockets of the Allegheny County Court of Common Pleas and of the fact that Petitioner's PCRA petition is still pending that the state trial court level.

Because the Allegheny County Court of Common Pleas is considering Petitioner's PCRA petition and even if it denies her relief, it is possible for her to appeal, and indeed, the federal habeas doctrine of exhaustion requires her to do so,[5] and because it is possible that the appeal to

---

[4] Here, Petitioner as made no showing of good cause for her filing this habeas petition while she has a currently pending PCRA petition in the state courts; hence this court need not stay and abey the habeas petition while Petitioner exhausts her state court remedies but may exercise its discretion to dismiss it without prejudice.

[5] See, e.g., Buxton v. Pennsylvania, 398 F. App'x 704, 706 (3d Cir. 2010) ("To satisfy the exhaustion requirement, 'state prisoners must give the state courts one full opportunity to resolve

the Superior Court could afford Petitioner relief, this instant Petition should be dismissed without prejudice to the filing a new habeas petition after state court remedies have been exhausted if indeed those state court remedies do not afford Petitioner relief.  See, e.g., Rose v. Lundy, 455 at 518 (in habeas cases involving state prisoners, "federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, **and already cognizant of the litigation**, have had an opportunity to pass upon the matter.")(emphasis added); Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998)("Nor should we discourage petitioners from exhausting all their claims in state court, even by means of a second or subsequent petition for post-conviction relief where permissible under state law, **before** seeking habeas review in federal court.")(emphasis added).  Accordingly, it is recommended that the Petition be dismissed before being served albeit without prejudice.

### D. Certificate of Appealability

Section 2253 generally governs appeals from District Court orders regarding habeas petitions.  Section 2253 essentially provides in relevant part that a certificate of appealability, which is a prerequisite for allowing an appeal to a Court of Appeals, should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253 (C)(2).  There is a difficulty in applying Section 2253(C)(2) when the District Court does not decide the case on the merits, i.e., declines to address questions of constitutional violations, but instead decides the case on a procedural ground without determining whether there has been a denial of a constitutional right.  See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

---

any constitutional issues by invoking one complete round of the State's established appellate review process.'") (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).

In resolving this difficulty, the Supreme Court in <u>Slack v. McDaniel</u>, held that

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

<u>Slack v. McDaniel</u>, 529 U.S. at 484. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." <u>Id</u>. at 473. The test is conjunctive and both prongs must be met. See <u>Walker v. Government of the Virgin Islands</u>, 230 F.3d at 90.

Applying this standard to the instant case, the Court concludes that jurists of reason would not find it debatable whether dismissal of the Petition for failing to exhaust state court remedies was correct. Accordingly, a certificate of appealability should be denied. Because of this conclusion and the fact that the test for granting a certificate of appealability is conjunctive, this Court does not need to reach the other prong of the <u>Slack v. McDaniel</u> test, i.e., whether Petitioner has made a substantial showing of a denial of a constitutional right.

## III. CONCLUSION

It is respectfully recommended that the Petition be dismissed without prejudice before being served because Petitioner has failed to exhaust state court remedies. The certificate of appealability should be denied. Further, in light of these rulings, it is recommended that Petitioner's Motion to Appoint Counsel and Motion for Nominal Bond, ECF Nos. 4 and 7, be denied as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule

8

established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date: November 19, 2012                        s/Maureen P. Kelly
                                                                         MAUREEN P. KELLY
                                                                         UNITED STATES MAGISTRATE JUDGE

cc:      Terrence F. McVerry
          United States District Judge

          Lynne Thompson
          OT-0636
          SCI-Cambridge Springs
          451 Fullerton Avenue
          Cambridge Springs, PA 16403-1238